IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARRIE SCHAEFFER, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 07-5498 |
| | : | |
| FRANK LAMPLEY, | : | |
| Defendant | : | |



FILED

MICHAEL F. KUNZ, Clerk

**M E M O R A N D U M**

STENGEL, J.                                          NOVEMBER 13 , 2008


This is an employment discrimination case. Carrie Schaeffer has brought suit

against her former employer, Frank Lampley, for violations of Title VII[1] and the

Pennsylvania Human Relations Act (PHRA).[2] She alleges she was sexually harassed.

This memorandum considers Lampley's Motion for Summary Judgment. After

considering the parties' briefs, I will deny the motion.


## I. BACKGROUND:

Lampley owns and operates a horse and cow products distributor with facilities in

both Pennsylvania and New Mexico. Schaeffer began working in the Pennsylvania

---

[1] Title VII provides that "[i]t shall be an unlawful employment practice for an employer...to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...". 42 U.S.C. § 2000e-2.

[2] The PHRA provides "[t]he opportunity for an individual to obtain employment for which he is qualified... without discrimination because of race, color, familial status, religious creed, ancestry, handicap or disability, age, sex, national origin...". Courts interpret the PHRA consistently with Title VII. Weston v. Pennsylvania, 251 F.3d 420, 426 n.3 (3d Cir. 2001) ("The proper analysis under Title VII and the Pennsylvania Human Relations Act is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably.").

facility on February 3, 2004. She claims that Lampley created a hostile work environment and constructively discharged her through actions such as making derogatory comments to Schaeffer, kissing her, touching her inappropriately, trying to lift up her shirt, and forcing her to sit on his lap. She left Lampley's employment on September 16, 2004.

According to Schaeffer's reply brief, she filed her complaint against Lampley with the Pennsylvania Human Rights Commission (PHRC) on or around October 18, 2004. The complaint was cross-filed with the U.S. Equal Employment Opportunity Commission (EEOC). On February 11, 2005, Lampley brought suit against Schaeffer in the Court of Common Pleas of Chester County, Pennsylvania, claiming, *inter alia*, that Schaeffer had defamed him through her PHRC complaint. Additional claims for conversion and tortious interference with business relations were also included. An amended complaint was filed on May 27, 2005. On July 14, 2005, a Chester County judge struck the tortious interference claim.

On August 16, 2005,[3] Schaeffer filed an Answer, New Matter and Counterclaims to Lampley's Amended Complaint. The counterclaims included several state law tort claims, including assault and battery, as well as a Title VII claim. Because Schaeffer had not received a right-to-sue letter from the EEOC though, she filed an amended counterclaim on September 22, 2005, and withdrew the Title VII claim. On October 10,

---

[3] Counsel's pleadings and factual affidavit indicate the initial reply was filed on August 17, 2007, but the amended answer was submitted on September 22, 2005. I assume the 2007 date is typographical error.

2007, Schaeffer filed a Praecipe to Withdraw a number of the remaining counterclaims, leaving only the claims for assault and battery; on January 10, 2008, Lampley discontinued his defamation claim, leaving only the claim for conversion.

At the trial, Schaeffer testified in support of her battery claim that Lampley had bent her finger to make her sit on his lap, had kissed her without her consent on one occasion, had placed his arms around her and pulled her towards him, and had put his arms under her shirt to touch her breasts. In support of her assault claim, she testified that on one occasion Lampley came into the office brandishing a gun and told Schaeffer that there were "Jews" in the attic, and that on several occasions, Lampley frightened Schaeffer by pounding his hand on her desk. The jury found Lampley not liable on both counts and Schaeffer not liable for conversion.

Schaeffer instituted the current action on December 27, 2007. Lampley filed a motion for summary judgment on April 28, 2008, on the grounds of *res judicata.*

## II. LEGAL STANDARD:

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" when a reasonable jury could return a verdict for the non-moving party based on the evidence in the record.

-3-

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" when it could affect the outcome of the case under the governing law. Id.

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial Celotex burden can be met simply by demonstrating "to the district court that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Summary judgment is therefore appropriate when the non-moving party fails to rebut by making a factual showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

Under Rule 56 of the Federal Rules of Civil Procedure, the court must view the evidence in the record in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Anderson, 477 U.S. at 255. The court must decide not whether the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. Id. at

-4-

252. If the non-moving party has produced more than a "mere scintilla of evidence" demonstrating a genuine issue of material fact, then the court may not credit the moving party's version of events against the opponent, even if the quantity of the moving party's evidence far outweighs that of its opponent. Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. DISCUSSION:

I will deny the motion for summary judgment as *res judicata* is inapplicable. As discussed below, a certain portion of Schaeffer's case relies on facts already adjudicated in the state proceedings. The parties disagree as to whether certain "new" facts, which Schaeffer raises for the first time, were brought before the state court. Regardless of whether all of Schaeffer's allegations had been previously raised or not, *res judicata* does not apply because Schaeffer has provided a more developed statement of the relevant facts and the elements of the pending claims are different from those that were considered in state court.

To determine the preclusive effect of a prior state judgment, the federal court must look to the law of the adjudicating state regarding preclusion. Under Pennsylvania law, *res judicata* will apply when the prior and pending actions share an identity of (1) the thing being sued on; (2) cause of action; (3) persons and parties to the action; and (4) quality or capacity of the parties suing or sued. Duquesne Slag Products Co. v. Lench,

415 A.2d 53, 55 (Pa. 1980). The parties' briefs agree that elements 1, 3, and 4 are
present. The remaining issue is whether the actions share an identity of cause of action.

    In drawing factual inferences in favor of the non-moving party (Schaeffer), the
causes of action in the state and federal suit appear to be different. To determine whether
causes of action are identical for *res judicata* purposes, the court may consider several
factors including whether:

    (1)    the acts complained of and the demand for relief are the same;

    (2)    the theory of recovery is the same;

    (3)    the witnesses and documents necessary at trial are the same; and

    (4)    the material facts alleged are the same.

Bazargani v. Haverford State Hosp., 90 F. Supp. 2d 643, 658-59 (E.D. Pa. 2000) (citing
O'Leary v. Liberty Mutual Insurance Co., 923 F.2d 1062, 1065 (3d Cir. 1991)). No one
factor is controlling. Courts are to "pierce [through] the technical differences between the
two actions, take a broad view of the subject, and bear in mind the actual purpose to be
attained." Gregory v. Chehi, 843 F.2d 111, 117 (3d Cir. 1988) (citing Helmig v.
Rockwell Mfg. Co., 131 A.2d 622 (Pa. 1957)). Where a single act or series of connected
acts cause a number of harms to the same individual, there is still only one transaction for
preclusion purposes. Even though a different shading of the facts, different measures of
liability, or different relief demands may be needed to make various claims, "[m]ultiple
claims do not arise solely because a number of different legal theories" are invoked for

-6-

the same transaction or series of connected transactions. Id.

The acts complained of in each complaint are distinguishable. Schaeffer's counterclaims in the state proceeding included complaints of battery and assault, and her answer accordingly listed several instances she believed supported her claims. Such acts were Lampley's bending of Schaeffer's finger to "pull [her] onto his lap," kissing Schaeffer without her consent, and entering the workplace brandishing a firearm.

Schaeffer contends that her federal complaint raises new facts that would not have supported her state court claims but are properly raised now. Namely, she indicates that Lampley's insistence on taking Schaeffer to breakfast, his calling her a "stupid bitch," and continued making of sexually suggestive comments were not material to either the battery or assault claims; they would, however, support her sexual harassment claims. These additional facts appear to be material in making colorable employment discrimination claims as they would help to establish the purported patterns of harassment leading to Schaeffer's decision to leave. Indeed, they give a form and shape that had been lacking in Schaeffer's prior allegations, which factors against applying *res judicata*.

The second difference is in the nature and theory of recovery. While the state counterclaims were predicated and could be brought on the basis of individual events, Title VII actions are usually based on a *series* of actions tending to show a pattern of workplace harassment. As Schaeffer's reply brief indicates, her state counterclaims were based on discrete events: for her battery claim, Schaeffer pled that Lampley painfully bent

-7-

her finger to force her to sit on his lap, and for her assault claim, she raised an incident where Lampley "came into the office . . . brandishing a gun." For these claims, the redress in state court would be for any injuries caused by the acts alone.

On the other hand, the Title VII action is based on the totality of the events occurring during the course of employment, and not just individual acts. The *prima facie* case for the employment discrimination claims must include a showing that the harassment was "sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986) (quoting Henson v. City of Dundee, 682 F.2d 897, 904 (11th Cir. 1982)). This is most commonly shown by alleging a series of harassing incidents.

Comparing the nature and theories of recovery for the prior state counterclaims and the current federal employment discrimination claim, the analysis for each is different. As Title VII is geared in part towards remedying employment discrimination, Schaeffer's current claim is not tied to any particular incident but to the cumulative effect of a number of incidents.[4] The state claims, however, were tied to specific interactions between Schaeffer and Lampley, and no larger pattern of conduct needed to be proven.

---

[4] The decision to deny is analogously supported by Pennsylvania case law regarding counterclaims. Although Pennsylvania civil procedure makes counterclaims only permissive, once a counterclaim has been made in a prior suit, the defendant must raise all related claims or risk having them precluded. See Hunsicker v. Brearman, 402 PA Super. 347, 351-52 (Pa. Super. Ct. 1990) (dismissing Hunsicker's claim for personal injuries sustained in an automobile accident when in a previous case relating to the same incident between the same parties, Hunsicker (as defendant) had raised a counterclaim for property damage to his automobile). Schaeffer's current claims are arguably unrelated to those that had been raised in the state court and need not have been raised then.

This is admittedly a close question, but dismissal would be inappropriate at this time. The facts that Schaeffer now raises appear to be of the same vein of those already considered but remain distinct: there is a difference between reaching up under another's shirt and using derogatory words towards her. Moreover, the theory of recovery is different as Schaeffer seeks redress for a pattern of harassment rather than for individual harms. Given that Schaeffer has presented a more developed statement of the events that had transpired during her employment and the different elements she will be required to demonstrate, *res judicata* does not bar her suit and I will deny the motion.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARRIE SCHAEFFER, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
|   v. | : | NO. 07-5498 |
| | : | |
| FRANK LAMPLEY, | : | |
|     Defendant | : | |

## <u>O R D E R</u>

STENGEL, J.

AND NOW, this 13 day of November, 2008, upon consideration of the defendant's

Motion for Summary Judgment (Document #9), it is hereby ORDERED that the motion is

DENIED.


BY THE COURT:

LAWRENCE F. STENGEL, J.